G. L. HUSTEAD, Appellant, v. JOHN SAAR, Appellee.

TRIAL: Instructions—Hopeless Conflict. A reversal must follow the giving of hopelessly irreconcilable instructions; likewise, instructions wholly foreign to the pleadings or evidence.

*Appeal from Van Buren District Court.*—F. M. HUNTER, Judge.

FEBRUARY 6, 1923.

ACTION on an account. Verdict and judgment for defendant. Plaintiff appeals.—*Reversed.*

*Walker & McBeth,* for appellant.

*George R. Buckles,* for appellee.

STEVENS, J.—This is an action on account for merchandise which appellee admitted in his answer he purchased of appellant in the fall of 1919, but which he alleged was purchased by him as the agent and for the use of one H. K. Johnson, to whom the credit was, in fact, extended. Johnson at the time had a contract with the board of supervisors of Van Buren County for the excavation of a drainage ditch, the work to be done by the use of a dredge boat. Several men were employed on the dredge boat and, for convenience, provision was made for boarding the men at the dredge boat. The merchandise purchased consisted of groceries, and, except for a small part thereof, which appellee claimed he purchased for himself and paid for, they were used at the dredge boat. Appellee was employed as superintendent of the work, with authority to employ and discharge the men.

The court, in the fourth paragraph of its charge to the jury, placed the burden upon appellant of showing that the merchandise was sold and delivered to the defendant, either personally or as the agent of Johnson. The court in this instruction further told the jury that, as to any portion thereof which the evidence failed to establish was sold and delivered to the appellee, either personally or as the agent of Johnson, no recovery could be had. Although appellant excepted to this instruction upon various grounds, standing alone it was not unfavorable to him; but in the succeeding paragraph of the charge, the court placed the burden upon the defendant of proving by a preponderance of the evidence that he purchased the goods as the agent of Johnson only, and that such fact was at the time known to appellant. The burden of proving the same matters did not rest upon both parties. These instructions cannot be reconciled, and, if prejudicial, a reversal should follow.

The court, in the sixth paragraph of its charge, submitted to the jury, as a question of fact, whether appellee agreed with appellant that he would personally pay for the merchandise, or whether he merely agreed to stand good therefor, or guaranteed the payment thereof; and stated that, if the latter was the fact, appellee would not be liable. This same thought is carried into

the succeeding paragraph of the charge. Other paragraphs of the charge are more or less conflicting. The question of fact submitted by these instructions was in no wise involved in the case. There was nothing in the pleadings or the evidence upon which it could have been based. The claim of appellant was that he entered into an oral agreement with appellee to sell him groceries upon appellee's credit, and to charge the same to him; that he did not know Johnson, and refused to extend credit to him in any form. On the other hand, appellee admitted the purchase and delivery of the merchandise, but set up as a defense that he purchased it upon the credit and for the use and benefit of Johnson, and that he assumed no personal responsibility for the payment thereof whatsoever. The statute of frauds was not in any way involved, upon the theory of either party.

Other errors in the instructions which, in themselves, might not warrant a reversal need not be discussed. We cannot say that the jury may not have been misled by the errors and conflict pointed out in the instructions above referred to.

It is further claimed by appellant that the verdict of the jury is without support in the evidence. We are, however, after a review of the record, of the opinion that a question of fact was presented for the jury. For the reasons indicated, the judgment of the court below is—*Reversed.*

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.